IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOHAMMAD SALAUDDIN SARKER (TDCJ No. 2155705; A No. 205459295) | § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:19-cv-1353-N-BN |
| BRYAN COLLIER, ET AL., | | |
| Respondents. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Mohammad Salauddin Sarker, in custody at the Montgomery Processing Center, an ICE facility, filed a *pro se* petition under 28 U.S.C. § 2254 for a writ of habeas corpus, challenging a 2017 conviction in Erath County, Texas for evading arrest or detention with a motor vehicle. *See* Dkt. Nos. 3 & 4. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should transfer this case *sua sponte* to the Fort Worth Division of this district.

**Applicable Background, Legal Standards, and Analysis**

While it is not clear from the petition filed whether the state criminal judgment Sarker now challenges has been completely discharged, if it has – and if this petition challenging that conviction was filed as it could be related to an attempt to deport

Sarker – "deportation is a collateral consequence that does not render a person 'in custody' for federal habeas purposes. The fact that petitioner [may be] deported as a result of [a state] conviction is not a sufficient restriction on his liberty to meet the 'in custody' requirement of § 2254(a)." *Campos-Conrrada v. Thaler*, No. 3:12-cv-4190-N-BH, 2012 WL 5845549, at *2 (N.D. Tex. Oct. 23, 2012) (citing *United States v. Castro*, 26 F.3d 557, 559 n.3, 561 n.8 (5th Cir. 1994); footnote omitted), *rec. accepted*, 2012 WL 5844190 (N.D. Tex. Nov. 19, 2012).

But, assuming that Sarker's state criminal judgment has not been completely discharged, "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d); *see also Ex parte Green*, 39 F.3d 582, 583-84 (5th Cir. 1994). These filing requirements are jurisdictional. *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966).

The district court wherein such an application is filed may, in the exercise of its discretion and in furtherance of justice, transfer the case to another district court for hearing and determination. *See* 28 U.S.C. § 2241(d); *see also Carmona*, 375 F.3d at 539 (affirming dismissal of Section 2254 application for lack of jurisdiction but remanding with instructions to transfer the matter to either the district of conviction or the

district of incarceration if petitioner elects to pursue his claim in either forum); *cf.* 28 U.S.C. § 1631 (allowing a district court lacking jurisdiction over an action to transfer that action if in the interest of justice to a federal court in which the action could have been brought at the time it was filed or noticed).

As the sentence at issue in this proceeding results from a conviction out of Erath County, which lies within the Fort Worth Division of this district, *see id.* § 124(a)(2), and because Sarker is currently in custody at a facility in Conroe, Texas, in Montgomery County, which lies within the Houston Division of the Southern District of Texas, *see id.* § 124(b)(2), this matter does not belong in the Dallas Division of this district.

While this Court has jurisdiction over the Section 2254 application, it should be transferred, under Section 2241(d), to the Fort Worth Division of this district, the district in which the state court that convicted and sentenced Sarker is located. *See Henderson v. Quarterman*, No. 3:07-cv-248-B, 2007 WL 1411558 (N.D. Tex. May 11, 2007) (citing 28 U.S.C. § 1404 to note that, "[f]or the convenience of the parties and witnesses and in the interest of justice, a district court may transfer a civil action to any district or division where it might have been brought" and further remarking that, "[i]f there is any possibility that an evidentiary hearing may be necessary, a district court should transfer a petition to the district or division in which the petitioner was convicted and sentenced," and citing *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968) ("The legislative history of [Section 2241(d)] makes clear that a district court should transfer a petition to the district in which petitioner was convicted and

sentenced if the transferring court is of the view that an evidentiary hearing will be necessary before final determination can be had.")).

**Recommendation**

The Court should transfer this action to the Fort Worth Division of the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 11, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE